IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

          Plaintiff,                   CIV. NO. S-06-1562 GEB GGH

    vs.

MEADOWVIEW COMMUNITY
ACTION, INC.,

                               ORDER AND
                               FINDINGS AND RECOMMENDATIONS

          Defendant.

_____/

Plaintiff's motion for default judgment against defendant Meadowview

Community Action, Inc. ("Meadowview"), filed July 3, 2007, was vacated from this court's

calendar and taken under submission. Upon further review of the record, it appeared that an

evidentiary hearing was necessary on the issue of compensatory damages. Accordingly, after

hearing on February 1, 2008, review of the motion and supporting documents, and good cause

appearing, the court issues the following findings and recommendations.

BACKGROUND

On July 13, 2006, plaintiff filed the underlying complaint in this action against

defendant Meadowview, on behalf of charging parties Lacey and Laney Wesley, employees who

allege they were terminated by defendant because of their gender, to be replaced by male

1

1  employees, in violation of Title VII of the Civil Rights Act (42 U.S.C. § 200e-2(a)(1).  The

2  summons and complaint were served by mail on defendant (Malachi Smith, agent), on July 18,

3  2006.  Fed. R. Civ. P. 4(h)(1).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d

4  1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendant has

5  failed to file an answer or otherwise appear in this action.  On December 13, 2006, the clerk

6  entered default against defendant Meadowview.

7          The instant application for default judgment and supporting papers were served by

8  mail on defendant at its last known address.  Defendant filed no opposition to the application for

9  entry of default judgment.  Plaintiff seeks an entry of default judgment in the amount of $760 in

10  lost wages and $20,000 in compensatory damages for each of the charging parties.

11  DISCUSSION

12          Entry of default effects an admission of all well-pleaded allegations of the

13  complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.

14  1977).  The court finds the well pleaded allegations of the complaint state a claim for which

15  relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

16          Because the declarations were not sufficient to support an award of $20,000 per

17  charging party in compensatory damages for emotional pain and suffering, the court held an

18  evidentiary hearing on February 1, 2008.  After hearing, the court finds that the application,

19  declarations filed in support of the application for default judgment, and hearing testimony also

20  support the finding that plaintiff is entitled to the damages requested.

21      A.  Back Pay

22          "Damages are determined by 'measuring the difference between actual earnings

23  for the period and those which she would have earned absent the discrimination by defendant.' "

24  Gotthardt v. National R.R. Passenger Corp., 191 F.3d 1148, 1158 (9th Cir. 1999) (citations

25  omitted); 42 U.S.C. § 2000e, et seq.

26  \\\\\

2

1    The declarations detail that charging parties Lacey and Laney Wesley were

2 terminated on August 9, 2004, at which time they earned $9.50 per hour for twenty hours per

3 week.  Both Wesleys found work in September, 2004 for which they earned $9.75 per hour at the

4 same weekly number of hours as the jobs for Meadowview.  They calculate their lost wages at

5 $9.50 per hour for twenty hours per week for four weeks, from August 9, 2004 to September 5,

6 2004, for a total of $760 per person in lost wages.  Wesley Decls., ¶¶ 18, 20.  The court finds that

7 these declarations support the requested lost wages.

8    B.  Non-pecuniary Compensatory Damages (Emotional Pain and Suffering)

9        The sum of the amount of compensatory damages awarded under
         this section for future pecuniary losses, emotional pain, suffering,
10        inconvenience, mental anguish, loss of enjoyment of life, and other
         nonpecuniary losses, and the amount of punitive damages awarded
11        under this section, shall not exceed, for each complaining party--

12        (A) in the case of a respondent who has more than 14 and fewer
         than 101 employees in each of 20 or more calendar weeks in the
13        current or preceding calendar year, $50,000 ....

14 42 U.S.C. § 1981a(b)(3).

15    Courts generally disfavor default judgments, however, especially those involving

16 large sums.  See In Re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir.1993);10A C. Wright, A.

17 Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 2681.  "The general rule of law is

18 that upon default factual allegations of the complaint, *except those relating to amount of*

19 *damages*, will be taken as true."  Geddes, 559 F.2d at 560 (citing Fed. R. Civ. P. Rules 8(d),

20 55(b)) (emphasis added); see also Fair Housing of Marin v. Combs, 285 F.3d 899 (9th Cir.2002)

21 (same).

22    Granting or denying default judgment is discretionary.  See Draper v. Coombs,

23 792 F.2d 915, 924-25 (9th Cir.1986).  Several factors may be relevant.  See Eitel, 782 F.2d at

24 1471-72 (9th Cir.1986).[1]

25 _____

26    [1] Factors include: (1) possible prejudice to plaintiff; (2) the merits of plaintiff's
substantive claim; (3) the complaint's sufficiency; (4) the sum at stake; (5) possible disputes

3

1    "A judgment by default may not be entered without a hearing on damages unless

2  ... the amount claimed is liquidated or capable of ascertainment from definite figures contained in

3  the documentary evidence or in detailed affidavits." Dundee Cement Co. v. Howard Pipe &

4  Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Geddes); Davis v. Fendler, 650

5  F.2d 1154, 1161 (9th Cir.1981) (no hearing necessary when documents show judgment amount

6  based on a definite figure); see also Fed. R. Civ. P. 55(b)(2) (the district court has the discretion

7  to conduct or refuse a hearing on default judgment).  Where the amount of damages is not

8  ascertainable from the pleadings, the court should hold a hearing to determine the amount of the

9  award. Eisler v. Stritzler, 535 F.2d 148, 153-54 (1st Cir. 1976).  Where emotional distress

10 resulting from a constitutional violation is alleged, the evidence supporting it must be competent

11 and sufficient. Akouri v. State of Forida Dept. of Transp., 408 F.3d 1338, 1345 (11th Cir. 2005).

12 Because the declarations were not detailed enough to support the sum requested, an evidentiary

13 hearing sought to obtain further information.

14    Both charging parties state in their declarations that they had never been fired

15 before, that they were "extremely upset and anxious and humiliated" as a result of their

16 terminations, that their friends and family wondered if they had done something wrong, and that

17 they suffered from lowered self-esteem.  Wesley Decls., ¶¶ 22.  The testimony of Laney Wesley

18 was that after learning she was fired, she felt shocked, anxious, humiliated, hurt, and lost interest

19 in doing any other activities.  She suffered from stomach aches, sleeplessness, nausea, and

20 blamed herself, to the point of wondering whether she was choosing the right career of school

21 counseling, despite her love of kids.  She did not want to tell anyone what happened, and only

22 told her mother and a few friends.  She also felt bad that she did not get to say goodbye to the

23 kids, and was too upset to contact the EEOC until October.

24 \\\\\

25

26  about material facts; (6) whether the default was due to excusable neglect; and (7) the strong
policy favoring decisions on the merits. Eitel, 782 F.2d at 1471-72.

1    Lacey Wesley testified to many of the same feelings after being terminated.  She

2    felt, sad, anxious, and shocked.  She suffered from stomach aches, headaches, nausea, and

3    sleeplessness.  She questioned her career goals of wanting to work with kids, and felt that maybe

4    she was not good enough to do this work.  She was too embarrassed to talk about her termination

5    with anyone other than her mother.  She had low energy, and did not want to leave the house.

6    She also felt angry and upset, and filed an EEOC claim in order to have justice served.

7    Cases awarding damages for emotional distress of this type have awarded a wide

8    range, from $5,000 to $20,000.  See Epstein v. Kalvin-Miller, 139 F.Supp.2d 469, 480 (S.D.N.Y.

9    2001) (collecting cases).  Accordingly, the court finds that $15,000 per charging party is

10   sufficient to compensate them for the emotional injury suffered as a result of defendant's

11   conduct.  There are no policy considerations which preclude the entry of default judgment of the

12   type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

13   CONCLUSION

14   Accordingly, IT IS ORDERED that the status conference before Judge Burrell on

15   February 11, 2008, at 9:00 a.m., is vacated from the calendar.

16   In view of the foregoing findings, it is the recommendation of this court that

17   plaintiff's motion for entry of default judgment be GRANTED.  Judgment should be rendered in

18   the amount of $760 in lost wages for each charging party, and $15,000 in compensatory damages

19   for each charging party, for a total judgment of $31,520.

20   These findings and recommendations are submitted to the Honorable Garland E.

21   Burrell, Jr., United States District Judge, pursuant to the provisions of Title 28 U.S.C. §

22   636(b)(l).  Within ten days after being served with these findings and recommendations, any

23   party may file written objections with the court and serve a copy on all parties.  Such a document

24   should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any

25   reply to the objections shall be served and filed within ten days after service of the objections.

26   \\\\\

1   The parties are advised that failure to file objections within the specified time may waive the

2   right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: 02/04/08

4                                                  /s/ Gregory G. Hollows

5                                             GREGORY G. HOLLOWS
                                            UNITED STATES MAGISTRATE JUDGE

6   GGH:076

7   EEOC1562.def.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26